But, even giving full effect to Derby's present petition would not help the case. The giving of the mortgage to Barton, Alexander & Waller was no act of bankruptcy, because it was not an absolute transfer. It was subject to his election to affirm or disaffirm it when he became of age. His present petition contains no affirmance of the mortgage, and cannot be otherwise regarded than as a disaffirmance of it. A general confirmation and ratification of the adjudication cannot, in view of the whole petition, be construed as an affirmance of the mortgage which was the basis of the adjudication. It was not so designed.

---

## Case No. 3,816.

### In re DERBY.

[8 Ben. 118;[1] 12 N. B. R. 241; 4 Am. Law Rec. 23.]

District Court, S. D. New York. June Term, 1875.

VOLUNTARY BANKRUPTCY—ASSENT OF CREDITORS TO DISCHARGE—ACT JUNE 22, 1874, § 9.

1. The words of the 9th section of the act of June 22, 1874 (18 Stat. 178), providing that in cases of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not equal thirty per cent. of the debts proved against his estate, upon which he shall be liable as principal debtor, "without the assent of at least one-fourth of his creditors in number and one-third in value," are to be understood as

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

meaning creditors to whom he is liable as principal debtor and who have proved their debts against his estate.

[Cited in Re Read, 5 Fed. 722.]

2. Such assent must be in writing, and it is sufficient if it is filed before the hearing of the application for discharge.

[In bankruptcy. In the matter of James C. Derby.]

S. V. R. Cooper, for bankrupt.

BLATCHFORD, District Judge. This is a case of voluntary bankruptcy, the petition in which was filed on the 7th of August, 1874. Proceedings with a view to a discharge have been taken and conducted to the point of the certifying of the proceedings to the court by the register. The register certifies that the bankrupt has in all things conformed to his duty under the Revised Statutes, and has conformed to all the requirements of the Revised Statutes, unless the court should be of opinion that the 9th section of the act of June 22, 1874, requires the assent of one-fourth in number and one-third in value of all the creditors of the bankrupt, including alike those who have and those who have not proved their claims. Five creditors only have proved claims. The claims so proved amount to $2,145.80. Of those five creditors, three, whose claims, as proved, amount to $1,660, have assented to the discharge. The number of creditors whose claims are set forth in the schedules annexed to the voluntary petition is 44, and the amount of their claims is $17,873. Of these 44, only the three creditors above referred to, with proved claims amounting to $1,660, have signed the assent. One-fourth in number and one-third in value of the creditors of the bankrupt have not signed the assent.

When the act of June 22, 1874 (18 Stat. 178), was passed, the provision of law in force as to discharges was section 5112 of the Revised Statutes, in these words: "In all proceedings in bankruptcy commenced after the first day of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per cent. of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, is filed in the case at or before the time of the hearing of the application for discharge; but this provision shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted prior to the first day of January, eighteen hundred and sixty-nine." The 9th section of the act of June 22, 1874, provides as follows: "That, in cases of compulsory or involuntary bankruptcy, the provisions of said act,"—Act March 2, 1867 [14 Stat. 517].—"and any amendment thereof, or of any supplement thereto, requiring the

payment of any proportion of the debts of the bankrupt, or the assent of any portion of his creditors, as a condition of a discharge from his debts, shall not apply; but he may, if otherwise entitled thereto, be discharged by the court in the same manner and with the same effect as if he had paid such per centum of his debts, or as if the required proportion of his creditors had assented thereto. And, in cases of voluntary bankruptcy, no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number and one-third in value; and the provision in section thirty-three of said act of March second, eighteen hundred and sixty-seven, requiring fifty per centum of such assets, is hereby repealed." Section 21 of the act of June 22, 1874, repeals all acts and parts of acts inconsistent with its provisions.

The former statute, when it spoke of an assent of creditors as being necessary, spoke of it as an assent in writing of a majority in number and value of the creditors of the debtor to whom he should have become liable as principal debtor, and who should have proved their claims, and prescribed that such assent should be filed in the case at or before the time of the hearing of the application for discharge. The new statute, when it speaks of an assent of creditors as being necessary, (and which is only in cases of voluntary bankruptcy) merely says, that the discharge shall not be granted to the debtor "without the assent of at least one-fourth of his creditors in number and one-third in value." It does not, in terms, as before, require the assent to be in writing. It does not, in terms, as before, require the prescribed proportion in number and in value to be computed only upon creditors to whom the debtor shall have become liable as principal debtor. It does not, in terms, as before, require the prescribed proportion in number and value to be computed only upon such of the creditors, to whom the debtor shall have become liable as principal debtor, as shall have proved their claims. It does not, in terms, as before, require the assent to be filed in the case at or before the time of the hearing of the application for discharge. Yet all these are matters as to which inquiry at once arises, under the new statute. Must the assent be in writing? Are the creditors referred to in the new statute only the creditors to whom the debtor shall have become liable as principal debtor, or are other creditors to be included? When it is determined what creditors are thus to be recognized, is the prescribed proportion to be computed only upon such of those creditors as have proved their claims, or upon all of those creditors? Is it sufficient to file the assent at or before the time of the hearing of the application for discharge; or must it

be filed at or before the time of the application for discharge, as was required by section 33 of the act of March 2, 1867 (14 Stat. 533)? No aid is derived from the language of the new statute, in answering any of these inquiries, except what may be derived from the naked language, that the assent is to be "the assent of at least one-fourth of his creditors in number and one-third in value." I do not think, in view of the course of legislation on the subject, and of the structure of the 9th section of the act of June 22, 1874, that the expression "his creditors," in the clause therein in regard to discharges in cases of voluntary bankruptcy, is necessarily to be interpreted to mean all the creditors of the debtor, whether they have proved their debts or not.

In the former statute, the provision as to assent is introduced by the word "unless." No discharge shall be granted to a debtor whose assets shall not be equal to a specified percentage of certain specified claims, "unless" the assent in writing of a majority in number and value of certain specified creditors is filed in the case by a certain specified time. The sentence is a complete one in itself. It provides that a discharge shall not be granted to a debtor who answers a specified description, "unless" the court finds affirmatively certain prescribed things to exist, which are (1) that an assent in writing be filed; (2) that it be the assent of a majority in number and value of the creditors of the debtor to whom he shall have become liable as principal debtor, and who shall have proved their claims; (3) that it be filed at or before the time of the hearing of the application for discharge. The new statute merely says, that, in cases of voluntary bankruptcy, a discharge shall not be granted to a debtor who answers a specified description, "without" the assent of at least one-fourth of his creditors in number and one-third in value. The sentence is an incomplete one. It does not require the assent to be in writing, or to be filed, or to be filed by any specified time; and it leaves open the question as to what is meant by the expression "his creditors."

Section 33 of the original bankruptcy act of March 2, 1867, required the assent, when necessary, to be the assent in writing of a majority in number and value of the creditors who had proved their claims, and required it to be filed at or before the time of the application for discharge; but required it only where the assets of the debtor did not pay fifty per centum of the claims against his estate. The act of July 27, 1868 (15 Stat. 227), required the assent, when necessary, to be the assent in writing of a majority in number and value of the creditors to whom the debtor should have become liable as principal debtor, and who should have proved their claims, and required it to be filed at or before the time of the hearing of the application for discharge; but required it only

where the assets of the debtor should not be equal to fifty per centum of the claims proved against his estate, upon which he should be liable as the principal debtor. These provisions continued in force until the 9th section of the act of June 22, 1874, was enacted. Thus, from the year 1868, an assent to a discharge was required only where the assets of the debtor did not equal fifty per cent. of the claims proved against his estate, upon which he had become liable as the principal debtor. The 9th section of the act of June 22, 1874, provides that no assent shall be necessary in involuntary cases; and it requires an assent in voluntary cases, only where the assets of the debtor do not equal thirty per cent. of the claims proved against his estate, upon which he has become liable as the principal debtor. It then repeals the provision requiring fifty per cent. of such assets. It thus, in respect to voluntary cases, in specifying the cases where an assent is required, requires it, as before, in cases where the assets of the debtor do not equal a certain percentage of the claims proved against his estate, upon which he has become liable as the principal debtor, and only in such cases, and merely changes the percentage from fifty to thirty. Then, as to what the assent is to be. The former statute required it to be the assent in writing of a specified proportion in number and value of the creditors to whom the debtor had become liable as principal debtor, and who had proved their claims, and required it to be filed at or before the time of the hearing of the application for discharge. The new statute prescribes the assent merely as an assent of at least one-fourth of the creditors of the debtor in number and one-third in value. But, the change the new statute was aiming to make in respect to voluntary cases, was, clearly, a change beneficial to the debtor, by prescribing terms less onerous than were before required. Before, if the debtor's assets did not equal fifty per cent. of the claims proved against his estate, upon which he had become liable as the principal debtor, he was required to obtain an assent of creditors. Now, he was not to be required to obtain any assent of creditors unless his assets did not equal thirty per cent. of such claims. So, before, when the debtor was obliged to obtain an assent, it was required to be the assent in writing of a majority in number and value of the same creditors who were to be reckoned in computing the percentage in assets—that is, creditors to whom he had become liable as principal debtor, and who had proved their claims, and the assent was to be filed, and it was sufficient to file it, at or before the time of the hearing of the application for discharge. Now the change to be made was one beneficial to the debtor, by imposing upon him less rigorous terms, and the change was to annul the requirement of the assent of a majority in number and value of the credit-

ors who were to be reckoned in computing the percentage in assets (that percentage being changed from fifty to thirty), and to prescribe, instead, the assent of at least one-fourth in number and one-third in value of the same creditors, that is, creditors to whom the debtor should have become liable as principal debtor, and who should have proved their claims, leaving the assent still to be required to be in writing, and to be filed, and to be sufficient if filed at or before the time of the hearing of the application for discharge. The words "his creditors." in the clause of the 9th section of the act of June 22, 1874, in regard to cases of voluntary bankruptcy, may very properly be referred to the class just previously defined in the section as the creditors of whom the section is speaking, and of whom alone it speaks as creditors concerned, when requirements to a discharge are being prescribed, namely, creditors to whom the debtor is liable as principal debtor and who have proved their claims. They alone are treated as creditors and as "his creditors." They alone are treated as creditors in computing the thirty per cent. in assets. and they alone could have been intended to be treated as creditors in computing the assent of one-fourth in number and one-third in value. If this be not so, the provision as to assent would, in numerous cases, be more onerous than it was before, for it would, in numerous cases, require the assent of more creditors to make up one-fourth in number and one-third in value of all the creditors of the debtor, than it did previously to make up a majority in number and value of creditors to whom the debtor had become liable as principal debtor and who had proved their claims.

I remarked in Francke's Case [Case No. 5,046], that, in regard to involuntary cases commenced after the passage of the act of 1874, the bringing of the petition, which was required to be brought by one-fourth in number and one-third in value of the creditors of the debtor, seemed to be regarded, under the 9th section of that act, as the assent of such one-fourth in number and one-third in value, to the discharge of the debtor; but that, in regard to the case of a voluntary petitioner, commenced after the passage of the act of 1874, the assent required thereby seemed to be prescribed with a view of placing the bankrupt on the same footing, as to the action of creditors, with the bankrupt in involuntary cases. This suggestion does not require that one-fourth in number and one-third in value of all the creditors should sign the assent, in like manner as one-fourth in number and one-third in value of all the creditors must unite in an involuntary petition. For, as has been seen, the policy of the statute has been, in respect to a percentage in assets. and an assent of creditors, always to deal only with creditors who have proved their debts. At the time a petition in involuntary bankruptcy is filed, nothing less than the whole body of creditors who may thereafter choose to prove their debts can be regarded as constituting the creditors of the bankrupt. But, at the succeeding stages of the case, those only who have proved their debts are, for very many essential purposes, taken notice of as being the creditors of the bankrupt. Thus, those alone who have proved their debts can vote in the choice of assignee or trustee, or share in the distribution of the estate. Those who do not prove their debts are regarded as having elected not to be considered as creditors, so far as the proceedings in bankruptcy are concerned. In analogy to this, only those who have proved their debts are taken note of in computing the percentage in assets or the proportion required to assent to a discharge.

I have met with no decision on the point above considered. In Re Griffiths [Case No. 5,825], Judge Lowell alludes to the question, whether the assent referred to in the new statute "is that of the given number and value of all creditors who have proved their debts, or only of those to whom the bankrupt is liable as principal debtor," and speaks of it as a question which may arise in voluntary cases, and as a difficult question. The point was not before him for decision, as the case he was considering was a compulsory case. He seems to regard the expression "his creditors," as including only creditors who have proved their debts, and indicates that the question may be as to whether all creditors who have proved their debts are intended. or only those, of such creditors as have proved their debts, to whom the bankrupt is liable as principal debtor. I see no evidence that congress intended to vary the principle adopted in 1868. By the original act of 1867, the assent was to be the assent of a majority in number and value of the creditors who had proved their claims. In 1868, this was changed to the assent of a majority in number and value of the creditors to whom the debtor had became liable as principal debtor, and who had proved their claims. This continued to be the rule when the act of 1874 was passed. I see nothing in that act but a change of the proportion from a majority in number and value to one-fourth in number and one-third in value, leaving the proportion still to be calculated upon the creditors to whom the debtor has become liable as principal debtor and who have proved their claims.

These conclusions are in harmony with those at which I arrived in Sheldon's Case [Id. 12,747], when considering the question as to whether the provisions of section 9 of the act of 1874, as to discharges in voluntary bankruptcy, apply to debts contracted prior to January 1st, 1869.

It results. that the bankrupt is entitled to a discharge.